**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Heath,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County, a municipality, and Joseph Arpaio and Ava Arpaio, a married couple, Dr. Brett Beloud, a single man,<br><br>　　　　Defendants. | No. CV05-1362 PHX-JAT<br><br>**FINAL PRETRIAL ORDER** |

　　　　The following is the joint Final Pretrial Order considered at the Final Pretrial Conference on September 4, 2007 at 3:30 p.m.

**A.　　COUNSEL FOR THE PARTIES**

　　　　Plaintiff:　　Nicholas S. Hentoff
　　　　　　　　　　40 N. Central Avenue, Suite 1400
　　　　　　　　　　Phoenix, AZ 85004
　　　　　　　　　　Tel: (602) 257-1776
　　　　　　　　　　Fax: (602) 391-2263
　　　　　　　　　　Email: hentofflaw@gmail.com

　　　　Defendant(s):Burch & Cracchiolo, P.A.
　　　　　　　　　　Brian Kaven
　　　　　　　　　　702 E. Osborn Road
　　　　　　　　　　Phoenix, AZ 85014

Tel: (602) 274-7611
Fax: (602) 234-0341
Email: bkaven@bcattorneys.com

**B.     STATEMENT OF JURISDICTION**

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 in that this action arises under and seeks redress for the deprivation of rights secured by the laws of the United States. Plaintiff's request for attorney's fees is authorized by 42 U.S.C § 1988. Venue is proper because all of the acts complained of occurred within the District of Arizona.

2.     Jurisdiction is not disputed by any of the parties.

**C.     STIPULATIONS AND UNCONTESTED FACTS AND LAW**

1.     The following facts are admitted by the parties and require no proof: On April 30, 2003, Plaintiff was incarcerated in the Maricopa County Madison Street jail on charges of child molestation. Plaintiff was put through the jail's booking process which includes a classification system. During booking, plaintiff was given the option of being placed in administration segregation. Plaintiff declined administrative segregation and signed a form refusing administrative segregation.

On May 19, 2003, Plaintiff was severely beaten by other inmates. Upon learning of the assault, an officer called for medical assistance and Plaintiff was taken to the medical clinic. Plaintiff was then transported to the emergency room at Good Samaritan Hospital. On May 20, 2003, Plaintiff was transferred to Maricopa Medical Center.

**D.     CONTESTED ISSUES OF FACT AND LAW**

1.     The following are the issues of fact to be tried and decided:

**Issue No. 1**: Whether Maricopa Medical Center staff intentionally inflicted physical pain and psychological torture on the Plaintiff during the course of his treatment as a patient at MMC.

Plaintiff Contends:   Maricopa Medical Center staff intentionally inflicted physical pain and psychological torture on the Plaintiff during the course of his treatment at MMC.

Defendants Contend:   Maricopa Medical Center staff did not intentionally inflict physical pain and psychological torture on plaintiff during the course of his treatment at MMC.

**Issue No. 2:**  Did Dr. Beloud know of the cruel and unusual punishment (torture) inflicted by MMC staff on Plaintiff and fail to take action to stop it.

Plaintiff Contends:   Dr. Beloud knew of the cruel and unusual punishment (torture) inflicted by MMC staff on plaintiff and failed to stop it.

Defendant Contends:  Dr. Beloud had no knowledge of alleged unusual punishment (torture) inflicted by MMC staff.  Instead, Dr. Beloud was aware of plaintiff receiving appropriate care, treatment, and attention.  Also, Dr. Beloud denies plaintiff ever indicated to him in any way by note or otherwise that he was tortured or abused in any way.

**2(a).   Defendants' (additional) Issues of Fact to be Tried.**

**Issue No. 1**: Whether plaintiff has any evidence to establish municipal liability under section 1983.

Defendants contend:   Because there is no respondeat superior liability under Section 1983 and no evidence of an unconstitutional policy under Monell or violation under City of Canton, plaintiff does not have a case of municipal liability.

<u>Plaintiff contends</u>:   Plaintiff contends that at this stage of the proceedings the question of whether the evidence is sufficient to establish municipal liability is for the trier of fact.

**Issue No. 2**:   Can plaintiff even give competent testimony since he was under the influence of morphine and other powerful drugs during his stay at MMC?

<u>Defendants contend</u>:   Plaintiff cannot give competent testimony given his heavy medication, including morphine, at the time of his stay at MMC.

<u>Plaintiff contends</u>:   Defendant has offered no evidence nor disclosed any experts able to establish that Plaintiff is not competent to testify.  Plaintiff's ability to recall events is a question for the trier of fact.

**Issue No. 3**:   Can plaintiff give credible testimony at the time of trial in light of his heavy medication, which included morphine?

<u>Defendants contend</u>:   Plaintiff cannot give credible testimony because of his heavy medication that included morphine (which can cause hallucinations) and other drugs.

<u>Plaintiff contends</u>:   Plaintiff's ability to recall events and testify credibly is a question for the trier of fact.

**Issue No. 4**:   Because the court found no deliberate indifference by defendants (Docket 44, p.12) is not a claim of cruel and unusual punishment (torture) also eliminated and therefore there are no claims left for trial.

<u>Defendants contend</u>: Assuming arguendo, if there had been the torture that plaintiff alleges in his complaint, it would logically follow there would be deliberate indifference too, since deliberate indifference would be a "lesser" and therefore included claim (torture

- 4 -

is worse treatment than deliberate indifference). But since the court found no deliberate indifference, there could be no torture either.

Plaintiff contends: The Court addressed the question of deliberate indifference with respect to the classification issues. Torture, by its very nature, rises to the level of deliberate indifference and the Court has already ruled there is a question of fact to be determined by the trier of fact with respect to the torture claims.

**2(b).  Defendants' (additional) Issues of Law to be tried.**

**Law No. 1**: Is there a triable issue left in the case since the court found that, in effect, defendants did not move for summary judgment on the "torture" issue as opposed to the deliberate indifference issue with respect to the Maricopa County Medical Center and Dr. Beloud?

Defendants contend: The evidence at trial from Dr. Beloud and defendants' medical expert, Dr. Demeure, will be plaintiff received only proper care and there was no torture. The medical records, too, only reflect proper medical care, not torture. Even if the County Attorney's Office may not have been specific enough in its motion for summary judgment (to specifically address torture and not just care), a trial is not warranted.

Plaintiff contends: One would not generally expect criminal malfeasance by medical personnel, such as torture, to be reflected in the medical records. The fact that there is no indication in the medical records that the defendant was tortured

**Law No. 2**: Is a trial against Dr. Beloud warranted when plaintiff did not oppose defendants' motion for summary judgment as to him?

- 5 -

Defendants contend:   Because plaintiff did not oppose defendants' motion for summary judgment as to Dr. Beloud (plaintiff's reply was silent), a trial against Dr. Beloud is not warranted.

Plaintiff contends:   The appropriate vehicle for seeking clarification or modification of this Court order would have been a Motion for Reconsideration which was not filed.

**Law No. 3**:   With Sheriff Arpaio out of the case, his spouse, Ava Arpaio (who was only joined for community property reasons) should not be a defendant at trial.

Defendants contend:   Though the County Attorney's Office only noted in its reply that Ava Arpaio had not been served (and so the court did not consider an argument raised for the first time in the reply), on the court's own motion Ava Arpaio should be dismissed.

Plaintiff contends:   Defense counsel for the County agreed to accept service of process for Ava Arpaio but agrees that any claims against Mrs. Arpaio are contingent on the validity of the claims against Sheriff Arpaio.

**E.     LIST OF WITNESSES**

**1.     Plaintiff's Witnesses.**

a.    Plaintiff, Lawrence Edward Heath.

**2.     Defendants' Witnesses.**

a.    <u>Witnesses Who Shall be Called at Trial:</u>

1.    Dr. Brett Beloud, c/o BURCH & CRACCHIOLO, P.A., 702 E. Osborn, Suite 200, Phoenix, AZ 85014. Dr. Beloud is a fact witness, but as a defendant, he will

also have expert opinions. He is expected to testify about his education, training and work experience. He is also expected to testify about his care, treatment, observations and assessments of plaintiff while hospitalized at Maricopa County Medical Center from May 20, 2003 through May 28, 2003. Dr. Beloud will also testify that plaintiff was regularly assessed and evaluated; that all medications, including those for pain, were administered as prescribed; that medications were not withheld from plaintiff as a means of inflicting cruel and unusual punishment (torture); that plaintiff was not tortured either by him or any hospital personnel while a patient at Maricopa County Medical Center; and that at no time during plaintiff's hospital stay did plaintiff express any discontent with Dr. Beloud or pass a note, or any type of written communication to Dr. Beloud. He will testify plaintiff was heavily medicated with Morphine and other medications that can and do affect a person's perception of reality.

  2. Maricopa County Medical Center personnel, employees, staff members, nurses, physicians, residents, interns, sub-contractors, and/or technicians whose names appear in the medical records of plaintiff, Lawrence Heath, respecting his hospitalization from May 20, 2003 through May 28, 2003, including, but not limited to:

   a. Comfort Aggrey, R.N.

   b. Sharon Buckley, R.N.

   c. Mary Coombs, R.N.

   d. Thomas Empson, R.N.

   e. Martin Famatiga, C.R.R.T.

   f. Stanley Feldcamp, R.N.

      g.    Jeana Finnegan, R.N.

      h.    Vincent Gathings

      i.    Jeannie Giacalone, R.N.

      j.    Thomas Gunderson

      k.    Ravidas Khalsa, CRT

      l.    Antonette Kinslow, R.N.

      m.    Nancy Kurtok, R.N.

      n.    Theresa Lee, L.P.N.

      o.    Jeffrey Luckett, R.N.

      p.    Justina Okon, RN

      q.    Oluyemisi Olusa, RN

      r.    Abbe Pitera

      s.    Charla Rispoli, C.R.R.T.

      t.    Marie Anne Rowe, R.N.

      u.    Gilbert Sauceda, RN

      v.    Anamarie K. Stough, R.N.

      w.    Michelle Torres - Velinsky, R.N.

      x.    Any other medical personnel, employees, nurses, physicians, interns, residents and/or technicians whose names appear in the medical records and whose identity has not yet been determined; will supplement.

It is anticipated that these witnesses will testify to those matters contained in the medical records as they relate to each providers' individual care of plaintiff, including but

not limited to describing plaintiff's injuries; care and treatment of plaintiff; history and physical; diagnosis on admission and discharge; and operative procedures performed on plaintiff. They are further expected to testify that plaintiff was regularly assessed and evaluated as evidenced in the chart; that all medications, including those for pain, were administered as prescribed; that medications were not withheld from plaintiff as a means of inflicting cruel and unusual punishment (torture); that plaintiff was not tortured by hospital personnel while a patient at Maricopa County Medical Center; that plaintiff was treated with the same level of care as any other patient, regardless of criminal charges pending against plaintiff at the time. They will testify plaintiff was heavily medicated.

3. Michael J. Demeure, M.D., The University of Arizona, Health Sciences Center, College of Medicine, Department of Surgery, Division of General Surgery, 1501 N. Campbell Avenue, Tucson, AZ 85724. Dr. Demeure is an expert witness who is expected to testify about his education, training and work experience as a general surgeon. He is also expected to testify to those matters contained in his report dated June 26, 2006 and affidavit dated September 25, 2006, including but not limited to: review of plaintiff's medical chart shows pain medications were ordered and given. Nurses' notes document that plaintiff was regularly assessed for pain; that pain medications were given to plaintiff; and that plaintiff's pain improved after receiving pain medications. Dr. Demeure will also testify that he found no evidence that any of the medical treatment plaintiff received while a patient at Maricopa Medical Center could be classified as torture. Dr. Demeure found no record of plaintiff having complained about the treatment he received from Dr. Beloud or hospital staff, or any record documenting that a note was passed to Dr. Beloud. Dr.

Demeure will further testify that there is no evidence that the medical staff of Maricopa Medical Center or Dr. Beloud inflicted cruel and unusual punishment to include torture upon plaintiff.

      b.      <u>Witnesses Who May be Called at Trial:</u>

      1.      Rick Bailey, Classification Counselor, c/o BURCH & CRACCHIOLO, P.A., 702 E. Osborn, Suite 200, Phoenix, AZ 85014.  Mr. Bailey may be called to testify to those matters contained in his affidavit of September 26, 2006 and as to the contents of the Maricopa County Sheriff's Office records respecting plaintiff, including but not limited to inmate classification procedures.

      2.      Gary W. Deland, DeLand and Associates, Inc., 1169 E. Mesa Vista Drive, Ivins, UT 84738.  Mr. Deland is an expert witness in jail operations and detention issues who may be called to testify to those matters contained in his report dated March 18, 2006 and affidavit dated September 22, 2006.

      3.      Detention Officer Higbee, c/o BURCH & CRACCHIOLO, P.A., 702 E. Osborn, Suite 200, Phoenix, AZ 85014.   Officer Higbee may be called to testify about what he saw and heard when plaintiff was in his custody at Good Samaritan Medical Center.

      4.      Victoria Nyland, #17875, Classification Counsel, c/o BURCH & CRACCHIOLO, P.A., 702 E. Osborn, Suite 200, Phoenix, AZ 85014.  Ms. Nyland may be called to testify to those matters contained in the Maricopa County Sheriff's Office records respecting plaintiff, including but not limited to inmate classification procedures.

      5.      Martha Lamarre, M.D., c/o BURCH & CRACCHIOLO, P.A., 702 E.

Osborn, Suite 200, Phoenix, AZ 85014.  Dr. LaMarre may be called to testify that she was the on-call physician at the jail when plaintiff was assaulted by other inmates.  Dr. Lamarre will testify as to the care and treatment rendered to plaintiff; her conversations with CHS Nurse Sweeny with regard to plaintiff's injuries;  and that she ordered that plaintiff be taken to Good Samaritan Medical Center for further treatment of his injuries.

6. Detention Officer Steyerman,  c/o BURCH & CRACCHIOLO, P.A., 702 E. Osborn, Suite 200, Phoenix, AZ 85014.  Officer Steyerman may be called to testify regarding the facts and circumstances surrounding the assault on plaintiff by other inmates; the care and treatment rendered to plaintiff immediately following the assault; and the subsequent investigation into the assault on plaintiff.

7. Nurse Sweeny, c/o BURCH & CRACCHIOLO, P.A., 702 E. Osborn, Suite 200, Phoenix, AZ 85014.  Nurse Sweeny is a nurse with Correctional Health Services who may be called to testify regarding the care and treatment rendered to plaintiff immediately following the assault; her conversations with the on-call doctor regarding plaintiff's injuries; and the orders she received to transport plaintiff to an outside medical facility for treatment of his injuries.

8. Detention Officer Temple, c/o BURCH & CRACCHIOLO, P.A., 702 E. Osborn, Suite 200, Phoenix, AZ 85014.  Officer Temple may be called to testify to what he saw and heard while accompanying plaintiff in the ambulance to Good Samaritan Medical Center, as well as when plaintiff was in his custody at Good Samaritan Medical Center.

9. Custodian of records, if needed, to lay foundation for exhibits.

- 11 -

10. Any witnesses listed by plaintiff.

    c. <u>Witnesses Who are Unlikely to be called at Trial:</u>

    1. Brandon Armstrong (address unknown)

    2. Dan Beason (address unknown)

    3. Todd Kelly (address unknown)

    4. Angelo Queen (address unknown)

    5. Jason Smith (address unknown)

The above listed individuals were inmates at the jail and are fact witnesses who were either involved in the assault of or participated in the assault of plaintiff on May 19, 2003.

    6. Charles Chapman (address unknown). Mr. Chapman was an inmate at the jail who was also assaulted by the inmates listed in C(1) through (5) above, at or about the same time plaintiff was assaulted. He is a fact witness to the assault.

**F.  LIST OF EXHIBITS**

1. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

    a. Plaintiff's Exhibits:

    b. Defendant's Exhibits:

    (50) Medical Records from Maricopa Medical Center (Bates Nos. MC0001-MC0255);

    (51) Inmate Release Checklist (Bates No. MC0256);

(52) Photo (Bates No. MC0257);

(53) Arrest/Booking Record (Bates No. MC0259);

(54) ICIS printout (Bates Nos. MC0260-MC0261);

(55) Inmate Property Inventory (Bates Nos. MC0262-MC0263);

(56) Inmate Clothing Record (Bates No. MC0264);

(57) Inmate Account Statement (Bates No. MC0265);

(58) Transfer form (Bates No. MC0266);

(59) Inmate Release Checklist (Bates No. MC0267);

(60) Inmate booking summary (Bates No. MC0268);

(61) Minute Entry in CR00-150218 and -137079 dated 5/28/03 (Bates Nos. MC0269-MC0270);

(62) Letter from Pretrial Services (Bates Nos. MC0271 and MC0274);

(63) Release Order in CR00-150218 (Bates Nos. MC0272-MC0273);

(64) Arraignment form in CR00-150218 (Bates No. MC0275);

(65) Initial Appearance document in CR00-137079 (Bates No. MC0276);

(66) Release Order in CR00-150218 (Bates Nos. MC0277-MC0278);

(67) MCSO Incident Report #03-14913 (Bates Nos. MC0281-MC0291);

(68) Booking Detail Inquiry for Lawrence Heath (Bates Nos. MC0292-MC0295);

(69) Booking Detail Inquiry for Charles Chapman (Bates Nos. MC0296-MC0299);

(70) Administrative Segregation Refusal Form (Bates No. MC0300);

(71) Inmate Classification Program interview form (Bates No. MC0301);

(72) Inmate Classification Assessment (Bates No. MC0302);

(73) Special Housing Form (Bates No. MC0303);

(74) Administrative Segregation Assignment Consent and Understanding Form (Bates No. MC0304);

(75) Court Card for 5/7/03 (Bates No. MC0305);

(76) Maricopa County Sheriff's Office log for Estrella Jail, Dorm E on May 19, 2003 (Bates No. MC0376-MC0382);

(77) Gary W. DeLand's Report, dated March 18, 2006 (Bates Nos. MC0306-MC0345;

(78) Michael J. Demeure, M.D.'s Report, dated June 26, 2006 (Bates Nos. MC0346-MC0347);

(79) Affidavit of Gary W. DeLand, dated September 22, 2006;

(80) Affidavit of Michael J. Demeure, M.D., dated September 25, 2006; and

(82) Affidavit of Brett R. Beloud, M.D., dated September 27, 2006.

(82) Blow-ups, demonstrative and illustrative exhibits.

(83) Anatomical charts/drawings

(84) Any exhibits listed by plaintiff, reserving objections thereto.

(85) Any exhibits to depositions, reserving objections thereto.

- 14 -

2. As to the following exhibits, the parties have reached the following stipulations:

    a. Plaintiff's Exhibits:

    (1) Plaintiff's medical records.

**Defendants' Objection: Defendants object to this generic listing since defendants do not know what plaintiff intends to include. If the records are Maricopa Medical Center, Bates MC0001-MC0255, defendants have no objection.**

    b. Defendant's Exhibits:

3. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

    a. Plaintiff's Exhibits:

    b. Defendant's Exhibits:

4. Each party hereby acknowledges by signing this joint proposed final pretrial order that any objections not specifically raised herein are waived.

**G. DEPOSITIONS TO BE OFFERED**

No depositions have been taken in this matter.

**H. MOTIONS IN LIMINE (JURY TRIAL)**

Not applicable.

**I. LIST OF PENDING MOTIONS**

None.

**J.    ESTIMATED LENGTH TRIAL**

  ½        hours - Plaintiff's Opening statements

  ½        hours - Defendants' Opening statements

  2        hours - Plaintiff's case

  8        hours - Defendants' case

  ½        hours - Plaintiff's Closing Arguments

  1        hours - Defendants' Closing Arguments

  12.5    hours - Total

**K.    JURY DEMAND**

This is a bench trial. Demand for a jury trial was previously rejected by the Court.

**L.    PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The separately lodged Proposed Findings of Fact and Proposed Conclusions of Law are incorporated by referenced into this joint Proposed Final Pretrial Order.

**M.    CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1.    All discovery has been completed. Plaintiff contends that the Defendant has disclosed witnesses nearly one year after the close of fact discovery and additional discovery would have to be conducted if these witnesses were allowed to testify. Defendants contend the witness names are right out of the medical chart and plaintiff's counsel has, therefore, had knowledge of these people since plaintiff's counsel had the

chart. No depositions have been taken in this case and so plaintiff cannot claim prejudice. The persons listed are the people who plaintiff would say tortured him. They will say they did not. Present defense counsel cannot say why the County Attorney's Office did not list the persons whose names are in the chart, but they should be allowed to testify if there is to be a trial on the merits.

2. The identity of each witness has been disclosed to opposing counsel. Plaintiff contends that the disclosure of the witnesses listed in Defendants second and third supplemental disclosure statements were disclosed untimely, nearly a year after the close of fact discovery in this case, and should not be allowed to testify. It is defendants' position that each witness now disclosed is identified in the chart and plaintiff's counsel has had the chart since before the suit was filed. Plaintiff's counsel took no depositions in this case. No one took depositions. Plaintiff's counsel did not send interrogatories (such as to ask who would say what). Accordingly, plaintiff is not prejudiced by defendants' listing people now. Moreover, if plaintiff wishes to depose the newly listed witnesses or any of them, defendants do not object. Defendants ask the court's leave to be able to call all witnesses defendants have now disclosed.

3. Each exhibit listed: (1) is in existence; (2) is numbered; and has been disclosed and shown to opposing counsel.

4. The parties have complied in all respects with the mandates of the Court's Rule 16 Scheduling Order and Order setting Final Pretrial Conference.

5. The parties have made all of the disclosures required by the Federal Rules of Civil Procedure.

6. The parties acknowledge that once this joint proposed final pretrial order has been entered, no amendments to this order can be made without leave of Court.

APPROVED AS TO FORM AND CONTENT:

**HENTOFF LAW OFFICE**                         **BURCH & CRACCHIOLO**, **P.A.**


By:   **s/Nicholas S. Hentoff**              By:   **s/Brian Kaven by Daniel R. Malinski**
      Nicholas S. Hentoff                          Brian Kaven
      Attorney for Plaintiff                      Attorneys for Defendants
                                                  Maricopa County, Ava Arpaio, and Dr.
                                                  Brett Beloud

Accordingly,

IT IS ORDERED adopting this Final Pretrial Order as the official Pretrial Order of this Court.

DATED this 4th day of September, 2007.

_____
James A. Teilborg
United States District Judge

- 18 -